IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **WILLIAM RUSTY BARTLETT,** | § | |
| Petitioner, | § | |
| | § | |
| **V.** | § | **A-07-CA-525-SS** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,** | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

### STATEMENT OF THE CASE

#### A.     Petitioner's Criminal History

Petitioner does not challenge his holding conviction out of Williamson County. Instead, he challenges disciplinary case 2007005811 in which Petitioner was found guilty of fighting without

a weapon. As a result of the disciplinary case, Petitioner received 35 days of cell restriction and was reduced in line class from S4 to L1. Petitioner admits he did not lose any good time credits.

## DISCUSSION AND ANALYSIS

### A.    Restrictions

As a result of the disciplinary hearing, Petitioner received 35 days of cell restrictions. This punishments does not trigger the Due Process Clause. In <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir. 1997), the Fifth Circuit Court of Appeals held that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns. "They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." <u>Id</u>.

### B.    Reduction in Time Earning Class

In addition to the above-listed punishment, Petitioner asserts he was reduced in line class. To the extent Petitioner challenges his change in time-earning class these allegations also do not present grounds for federal habeas corpus relief. The Fifth Circuit has held the timing of a petitioner's release on mandatory supervision is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the Texas legislature has specifically denied creating. <u>Malchi v. Thaler</u>, 211 F.3d 953, 959 (5th Cir. 2000).

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of July, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE